STATE of Alaska

v.

**Dennis E. THOMPSON et al.**

No. 2115.

Supreme Court of Alaska.

June 27, 1980.

Sarah Elizabeth Fussner, Asst. Atty. Gen., Anchorage and Avrum M. Gross, Atty. Gen., Juneau, for petitioner.

Burton C. Biss, Biss & Holmes, Anchorage, for respondent.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

PER CURIAM.

The Alaska Guide Licensing and Control Board was presented with an accusation by the State of Alaska charging two big-game guides, Dennis Thompson and William Sims,

with conduct warranting revocation of their guide licenses. Authority was delegated to a hearing officer to receive evidence and to approve the taking of depositions before the hearing.

Prior to a hearing in the matter, the State presented a petition to the hearing officer for an order requiring that an out of state witness appear in Anchorage to be deposed on July 2, 1979. The petition included sworn allegations that the testimony of the witness was material to the case, and that the witness could not be compelled to appear at the scheduled hearing, but would be in Anchorage on July 2, 1979. The hearing officer granted the petition *ex parte* and ordered the deponent to appear and testify at the requested time.

Respondents moved in the superior court to quash the hearing officer's order on the ground that no notice or hearing had been held prior to its issuance. The superior court granted the motion to quash and remanded the matter for a hearing before the hearing officer. The State seeks review of the superior court's grant of the motion to quash.

■ Although the issue of the necessity of conducting a hearing prior to ordering the taking of a deposition is moot as between these two parties,[1] we grant review because of the recurring nature of the problem, and the possibility that it will evade review on appeal. *See Thomas v. Rosen*, 569 P.2d 793, 794–95 (Alaska 1977); *Wagstaff v. Superior Court, Family Court Division*, 535 P.2d 1220, 1226 (Alaska 1975).

AS 44.62.440, part of the Alaska Administrative Procedure Act (APA), provides a procedure for obtaining an order to take a deposition in a matter before an administrative agency. That section provides in relevant part:[2]

1. Pursuant to the court's order, a hearing was held at which the petition was denied because of scheduling conflicts with the guides' counsel.

2. Subsection (b) of AS 44.62.440 provides:
   "If the witness resides outside the state and if the agency orders the taking of his testimony by deposition, the agency shall obtain an order of court to that effect by filing a petition for the taking of the deposition in the superior court nearest to the principal office

*"Depositions.* (a) On verified petition of a party, an agency may order that the testimony of a material witness residing inside or outside the state be taken by deposition in the manner prescribed by law for depositions in civil actions. The petition shall set out (1) the nature of the pending proceeding; (2) the name and address of the witness whose testimony is desired; (3) a showing of the materiality of his testimony; (4) a showing that the witness will be unable or cannot be compelled to attend; and (5) a request for an order requiring the witness to appear and testify before an officer named in the petition for that purpose."

■ There is nothing in this statute which requires that a hearing be conducted on the facts alleged in the petition before a hearing officer may order the taking of a deposition. It states that the agency may order the taking of a deposition "in the manner prescribed by law for depositions in civil actions." Although this language seems to refer more to the manner of conducting a deposition than convening one, the statute is silent on the critical question of whether there should be a hearing on the verified petition before an order requiring a deposition is issued. Our experience under the Rules of Civil Procedure has taught us that hearings are ordinarily unnecessary prior to taking a deposition. A requirement that there be such a hearing would ordinarily be a cumbersome and costly waste of time. We, therefore, believe that the most reasonable construction of Section 440(a) is that petitions filed pursuant to it may be granted without a hearing. Of course, it should remain open for a party opponent to file a motion to quash the deposition with

of the agency. The proceedings on this order shall be in accordance with provisions governing the taking of depositions in the superior court in a civil action."
We believe that this section was intended to apply where a deposition is taken out of the state. When, as in the case before us, an out of state resident is to be deposed in Alaska, a superior court order is not necessary.

the agency on such grounds as may be appropriate. Further, in determining the appropriateness of such a motion, the agency should look to the requirements of the statute and, by analogy, to Civil Rules 26 through 32.

REVERSED.