STATE of Alaska and Charles
Moses, Appellants,

v.

Darrell D. FRAZIER, Appellee.

No. A–415.

Court of Appeals of Alaska.

April 19, 1985.

Patrick W. Conheady, Asst. Atty. Gen., Daniel W. Hickey, Chief Prosecutor, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellants.

Ronald T. West, Anchorage, for appellee.

Before BRYNER, C.J., COATS J., and DIMOND, Senior Justice.*

OPINION

DIMOND, Senior Justice.

The appellee Frazier was convicted of the crime of misconduct involving weapons in the first degree, in violation of AS 11.61.-200(a)(1), a class C felony. Since this was Frazier's second felony conviction, he was subject to the presumptive sentencing pro-

---

* Dimond, Senior Justice, sitting by assignment made pursuant to Article IV, section 11, of the   Constitution of Alaska.

visions of AS 12.55.125(e)(1) [1] and was sentenced to a term of two years imprisonment on June 1, 1982. The two-year sentence would have expired on May 31, 1984. However, because of accumulated time for good conduct that Frazier earned during his imprisonment, he was released on July 31, 1983.

In November 1983 and January 1984, a parole officer filed with the parole board certain parole violation reports regarding Frazier's actions. He was arrested on a parole violation warrant and was incarcerated pending a final parole revocation hearing. On March 29, 1984, Frazier commenced this action for a writ of habeas corpus, asserting that he was unlawfully imprisoned. His contention was that under the law the parole board had no jurisdiction over him. The superior court agreed with Frazier's contentions, and on April 5, 1984, ordered his immediate and unconditional release from imprisonment. From such order the state has taken this appeal.

The principal controversy between the state and Frazier has to do with the interrelationship and interpretation of different statutes. The trial court relied upon AS 33.20.030 and AS 33.20.040(a), which provide as follows:

> Sec. 33.20.030. Discharge. A prisoner shall be released at the expiration of the term of sentence less the time deducted for good conduct. A certificate of deduction shall be entered on the commitment by the warden, keeper, or the commissioner.

> Sec. 33.20.040. Released prisoner as parolee. (a) A prisoner serving the term or terms for which the prisoner was sentenced less good time deductions shall be

released unconditionally if there remains less than 180 days to serve under the sentence. If there remains more than 180 days to serve under the sentence, a prisoner, upon release, shall be considered as if released on parole until the expiration of the maximum term or terms for which the prisoner was sentenced less 180 days.[2]

At the time Frazier was released there remained less than 180 days to serve on his two-year sentence. The trial court concluded that in this situation the unambiguous language of AS 33.20.040(a) required that Frazier be released unconditionally, i.e., not subject to parole supervision.

On the other hand, the state relies principally upon AS 33.15.180 to reach an opposite result. That statute provides in relevant part:

> (a) A state prisoner other than a juvenile delinquent, wherever confined and serving a definite term of over 180 days or a term the minimum of which is at least 181 days, and who is not imprisoned in accordance with AS 12.55.125(c), (d)(1), (d)(2), (e)(1), (e)(2), or (i), whose record shows that the prisoner has observed the rules of the institution in which the prisoner is confined, may, in the discretion of the board, be released on parole, subject to the limitation prescribed in AS 33.15.080 and 33.15.230(a)(1).

> . . . .

> (c) A state prisoner imprisoned in accordance with AS 12.55.125(c), (d)(1), (d)(2), (e)(1), (e)(2), or (i) who is released under AS 33.20.030 shall be placed on parole for the period specified in the certificate of deduction, subject to written

---

**1.** AS 12.55.125(e)(1) provides:

(e) A defendant convicted of a class C felony may be sentenced to a definite term of imprisonment of not more than five years, and shall be sentenced to the following presumptive terms, subject to adjustment as provided in AS 12.55.155–12.55.175:

(1) if the offense is a second felony conviction, two years; . . . .

**2.** The statute from which these provisions are taken was enacted in 1960 as Chapter 107 of the

Session Laws. The title of the legislation reads in part:

Providing for the grant of good time to prisoners conducting themselves according to rules of prison facilities and for good time; providing for the discharge of persons earning good time; providing for the release of a prisoner as on parole, for the forfeiture of good time earned, and for the restoration of forfeited good time; . . . .

rules and conditions imposed by the board or the prisoner's parole officer.

Prior to 1978, AS 33.15.180 provided that the parole board, in its discretion, could release a prisoner on parole if the prisoner were serving a definite term of over 180 days and his or her record showed that he or she had observed the rules of the institution where confined.[3] In 1978, and again in 1982, AS 33.15.180 was amended[4] to read as quoted above. The effect of the amendments was to make ineligible for discretionary parole those persons confined under the presumptive sentencing provisions of AS 12.55.125. Instead of permitting discretionary parole, which may have been granted, e.g., to one who had served one-third of his sentence,[5] a presumptively sentenced prisoner would not be subject to parole supervision until he had been released at the expiration of the term of his sentence, less the time deducted for good conduct. AS 33.20.030. He would then be placed on parole for the entire period specified in the certificate of deduction of good time regardless, the state contends, of whether after deducting good time there remained more or less than 180 days to serve under the sentence. *See* AS 33.20.040(a), *supra.*

If a prisoner serving a presumptive sentence were released unconditionally, i.e., not subject to parole, in the situation where there remained less than 180 days to serve under the sentence as provided in AS 33.-20.040(a), the state contends that the words of AS 33.15.180(c) "shall be placed on parole for the period specified in the certificate of deduction" would become meaningless. It is the state's position that the statute can be given effect only if it has this meaning: that a prisoner released on good time, before the expiration of his sentence under AS 33.20.030, is subject to parole conditions and restrictions for the total period specified in the certificate of deduction or, in other words, until the expiration of the maximum term or terms to which the prisoner was sentenced. This would be so, the state contends, regardless of whether more or less than 180 days are left to serve on the sentence. The state argues that no other rational meaning can be ascribed to AS 33.15.180(c).

The provisions of this statute, in doing away with discretionary parole for a prisoner sentenced under the presumptive sentencing scheme, is clearly more restrictive of a prisoner's freedom than had been the case before the statute was amended in 1978 and 1982. If the legislature had intended to be even more restrictive, it could have accomplished this by amending or repealing AS 33.20.040(a). But it did not do this; it left that statute intact. We can only reach the conclusion that the legisla-

---

**3.** Former AS 33.15.180 provided:

A state prisoner other than a juvenile delinquent, wherever confined and serving a definite term of over 180 days or a term the minimum of which is at least 181 days, whose record shows that he has observed the rules of the institution in which he is confined, may, in the discretion of the board, be released on parole, subject to the limitation prescribed in §§ 80 and 230(a)(1) of this chapter.

AS 33.15.180 provided that such discretionary parole was made expressly subject to AS 33.15.-080 and AS 33.15.230(a)(1). AS 33.15.080 limits the discretionary function of the parole board by providing:

If it appears to the board from a review that a prisoner eligible for parole will, in reasonable probability, live and remain at liberty without violating the laws, or without violating the conditions imposed by the board, and if the board determines that the prisoner's release on parole is not incompatible with the welfare of society, the board may authorize the release of the prisoner on parole. However, no prisoner may be released on parole who has not served at least one-third of the period of confinement to which the prisoner has been sentenced.

And AS 33.15.230(a)(1) states:

(a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may

(1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner is eligible for parole, which term shall be at least one-third of the maximum sentence imposed by the court;

. . . .

**4.** Ch. 116, §§ 15, 16, SLA 1978, and Ch. 143, § 41, SLA 1982.

**5.** AS 33.15.080, quoted *supra* in note 3.

ture was aware of AS 33.20.040(a) and chose to allow it to remain law despite the language of AS 33.15.180(c).

In this situation we adhere to the established principle of statutory construction that "all sections of an act are to be construed together so that all have meaning and no section conflicts with another." *In re Hutchinson,* 577 P.2d 1074, 1075 (Alaska 1978), *quoted in Braham v. Beirne,* 675 P.2d 1297, 1300 n. 5 (Alaska App.1984). To follow the reasoning we used in *Braham v. Beirne,* where we construed two statutes that seemingly were in conflict, it appears more sensible in this case to reconcile the two statutes and give effect to both. Thus, AS 33.15.180(c) should be read as being subject to the provisions of AS 33.20.040(a). This means that a prisoner presumptively sentenced, who is released at the expiration of his term less time deducted for good conduct under AS 33.20.030, will be placed on parole under AS 33.15.180(c) unless there remains less than 180 days to serve under the sentence. If that were the case, as it is here, the prisoner's release would be unconditional, i.e., not subject to parole. Under this interpretation of the two statutes, we perceive no irreconcilable conflict between them. Judge Souter was correct in holding that Frazier was entitled to an unconditional release.

Both parties acknowledge that the controversy is moot because any decision on the parole supervision question would have no effect on Frazier's status.[6] Since Alaska prisoners sentenced under the presumptive sentencing scheme are no longer eligible for discretionary parole, they are more often likely to serve their entire sentence, subject only to deduction from the term of imprisonment of a certain amount of time for good conduct. AS 33.20.010. This means that a controversy over being placed on parole as against being released unconditionally, which is the main issue in this case, is more likely than not to be moot

before it reaches the courts because of the time required by the courts for disposition of cases of this type. *See* 1983 Annual Report, Alaska Court System, at 35–36. And the problem is likely to be a recurring one. With the advent of presumptive sentencing, there has been a substantial increase of imprisoned offenders who will be completing close to their full sentences, and thus more persons who will be subject to the controversy arising in this case. Therefore, despite the mootness of the issue in this case, we have granted review because of the recurring nature of the problem and the possibility that it might evade review.[7]

In his petition for a writ of habeas corpus, Frazier asked, among other things, for "costs, interest and attorney fees." In Judge Souter's findings of fact and conclusions of law, holding in favor of Frazier, there is no mention of costs and attorney's fees. In the judgment signed by Judge Souter the last paragraph reads:

> IT IS FURTHER ORDERED that the defendant pay to Ronald T. West, attorney for Plaintiff, the sum of ————————— as reasonable attorney's fees.

Although in his brief Frazier refers to himself as "Cross Appellant" on the issue of attorney's fees, he did not file a cross notice of appeal and he merely states in his brief on appeal that he is entitled to attorney's fees, without any citation to authority for this proposition. We hold that the point has been waived by Frazier so far as this appeal is concerned.

The judgment of the superior court is AFFIRMED.

SINGLETON, J., not participating.

---

6. Frazier does not contest the state's concession about mootness; he only argues that this court should not consider the issue.

7. *State v. Thompson,* 612 P.2d 1015, 1016 (Alaska 1980).