STATE of Alaska and Charles
Moses, Petitioners,

v.

Darrell D. FRAZIER, Respondent.

No. S–972.

Supreme Court of Alaska.

May 16, 1986.

Patrick W. Conheady, Asst. Atty. Gen.,
and Harold M. Brown, Atty. Gen., Juneau,
for petitioners.

No appearance for respondent.

Before RABINOWITZ, C.J., and
BURKE, MATTHEWS, COMPTON and
MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

This case presents the issue of whether a presumptively sentenced prisoner who is mandatorily released with 180 days or less remaining on his sentence can be released unconditionally.[1] The court of appeals held that release in such circumstances must be unconditional. *State v. Frazier*, 698 P.2d 1212 (Alaska App.1985). We disagree, for in our view AS 33.15.180(c) requires that a presumptively sentenced prisoner be placed on parole until he completes his sentence (i.e., for the period specified in the certificate of deduction).

Darrell D. Frazier was convicted of misconduct involving weapons in the first degree in violation of AS 11.61.200(a)(1), a class C felony. Since Frazier had a prior felony conviction, he was subject to Alas-

---

1. The statutes implicated here are AS 33.20.030, AS 33.20.040(a), and AS 33.15.180(c).

   AS 33.20.030 provides as follows:
   A prisoner shall be released at the expiration of the term of sentence less the time deducted for good conduct. A certificate of deduction shall be entered on the commitment by the warden, keeper, or the commissioner.

   AS 33.20.040(a) provides as follows:
   *Released prisoner as parolee.*
   (a) A prisoner serving the term or terms for which the prisoner was sentenced less good time deductions shall be released unconditionally if there remains less than 180 days to serve under the sentence. If there remains more than 180 days to serve under the sentence, a prisoner, upon release, shall be considered as if released on parole until the expiration of the maximum term or terms for which the prisoner was sentenced less 180 days.

   AS 33.15.180(c) provides as follows:
   A state prisoner imprisoned in accordance with AS 12.55.125(c), (d)(1), (d)(2), (e)(1), (e)(2), or (i) who is released under AS 33.20.-030 shall be placed on parole for the period specified in the certificate of deduction, subject to written rules and conditions imposed by the board or the prisoner's parole officer.

ka's presumptive sentencing scheme and received a sentence of two years under AS 12.55.125(e)(1). As a result of accumulated deductions for good conduct, Frazier was released mandatorily on July 31, 1983, with less than 180 days to serve on his two-year sentence. Upon his release Frazier was placed on parole.

On November 3, 1983, and January 13, 1984, a parole officer filed parole violation reports against Frazier. Frazier was incarcerated pending a formal parole revocation hearing and thereafter filed a petition for a writ of habeas corpus asserting that he was wrongfully imprisoned. The superior court held that since there remained less than 180 days to serve on his two-year sentence, Frazier was entitled to unconditional release under AS 33.20.040(a). The court of appeals affirmed and we granted the state's petition for hearing.

We first consider the basic rule that statutes *in pari materia* should be construed together.[2] Statutes are considered to be *in pari materia* when they relate to the same purpose or thing or have the same purpose or object. *See Morton v. Hammond,* 604 P.2d 1, 3 n. 5 (Alaska 1979). If statutes are *in pari materia* and one section deals with a subject in general terms and another deals with a part of the same subject in more detail, the two should be harmonized if possible. *Id.* at 3. If there is any conflict between statutes, the more specific will control over the general.[3]

■ AS 33.15.180(c) and AS 33.20.040(a) are *in pari materia* since both statutes address the subject of parole. In addition, they conflict. Under the former section, a presumptively sentenced prisoner who is released will remain on parole until the expiration of his sentence, while AS 33.20.-040(a) limits parole supervision to a period ending 180 days prior to completion of the sentence. Enacted simultaneously in 1978 with the presumptive sentencing provisions of Title 12, AS 33.15.180(c) is directed specifically at presumptively sentenced prisoners who are released mandatorily. AS 33.-15.180(c) is more specific than AS 33.20.-040(a); consequently, it is controlling.

■ It is also a basic rule of construction that a statute should be construed to give effect to all of its provisions. No part should be read as inoperative, superfluous, void or insignificant.[4] The court of appeals' holding that AS 33.15.180(c) is subject to the provisions of AS 33.20.040(a) renders it either superfluous or meaningless in all cases. AS 33.20.040(a) already requires that any prisoner released with more than 180 days to serve be on parole. The court of appeals' interpretation renders AS 33.15.180(c) inoperative where the released prisoner has less than 180 days to serve. The statute has significance, however, if it is viewed as an exception to AS 33.20.040(a) for presumptively sentenced offenders. In enacting AS 33.15.180(c), we think the legislature intended that presumptively sentenced offenders released with 180 days or less remaining on their sentence would not receive unconditional releases.

The court of appeals' interpretation also renders a portion of AS 33.15.180(c) meaningless in another way. A prisoner presumptively sentenced for a term of two years under AS 12.55.125(e)(1) may earn only a maximum of 180 days of good time under AS 33.20.010.[5] Therefore, his release would always occur with less than 180 days left on his maximum sentence. If AS 33.20.040(a) is deemed controlling, such a prisoner would never be subject to the supervisory jurisdiction of the parole board. This renders purposeless the por-

2. 2A C. Sands, Sutherland Statutory Construction § 51.01 at 449 (4th ed. 1973).

3. Sands, *supra* note 2, § 51.05 at 499; *Miller v. Sears,* 636 P.2d 1183, 1195 (Alaska 1981); *Matter of Estate of Hutchinson,* 577 P.2d 1074, 1075 (Alaska 1978); *City of Anchorage v. Scavenius,* 539 P.2d 1169, 1174 (Alaska 1975).

4. Sands, *supra* note 2, § 46.06 at 104; *see also Libby v. City of Dillingham,* 612 P.2d 33, 39 (Alaska 1980).

5. Under AS 33.20.010, a prisoner earns one day of good time for every three days served (i.e., one-quarter of the sentence).

tion of AS 33.15.180(c) providing that a "prisoner imprisoned in accordance with AS 12.55.125 ... (e)(1) ... who is released under AS 33.20.030 shall be placed on parole for the period specified in the certificate of deduction...."

In light of the foregoing, we hold that Frazier was not eligible for unconditional release under AS 33.20.040(a). AS 33.15.-180(c) was intended to create an exception to AS 33.20.040(a) for presumptively sentenced prisoners who are mandatorily released.

REVERSED and REMANDED to the Court of Appeals with directions to remand to the superior court for further proceedings not inconsistent with this opinion.