**STATE of Alaska, Petitioner,**

v.

**Peter ANDREWS, Sr., and George R. Koenig, Respondents.**

**STATE of Alaska, Petitioner,**

v.

**Harry N. COFFEY, Respondent.**

**Nos. S–1172, S–1192.**

Supreme Court of Alaska.

Aug. 8, 1986.

Cynthia M. Hora, Asst. Atty. Gen., Anchorage and Harold M. Brown, Atty. Gen., Juneau, for petitioner.

John M. Murtagh, Anchorage, for respondent Andrews.

Laurel J. Peterson, Laurel J. Peterson, P.C., Anchorage, for respondent Koenig.

A. Michael Zahare, Bradbury, Bliss, & Riordan, Inc., Anchorage, for respondent Coffey.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

The issue in these consolidated cases is the proper interpretation of AS 12.55.025(e) and (g). The State contends that an offender convicted of separate counts of sexual assault must be sentenced to consecutive, rather than concurrent, terms. Having made a thorough examination of the matter, we have concluded that the opinion of the court of appeals in *State v. Andrews*, 707 P.2d 900 (Alaska App.1985), correctly treats and disposes of the issues involved, and we adopt such opinion as the opinion of this court.

RABINOWITZ, Chief Justice, with whom COMPTON, Justice, joins, concurring.

The majority adopts the court of appeals' decision in *State v. Andrews*, 707 P.2d 900 (Alaska App.1985) which holds that concurrent sentences may be given if any of the six subparagraphs of AS 12.55.025(g) are met. While the statute is drafted ambiguously, the interpretation the majority adopts is contrary to the legislative intent.

AS 12.55.025(e) provides in part:

Except as provided in (g) of this section, if the defendant has been convicted of two or more crimes, sentences of imprisonment shall run consecutively.

AS 12.55.025(g) provides:

If the defendant has been convicted of two or more crimes before the judgment on either has been entered, any sentences of imprisonment may run concurrently if

(1) the crimes violate similar societal interests;

(2) the crimes are part of a single, continuous criminal episode;

(3) there was not a substantial change in the objective of the criminal episode, including a change in the parties to the crime, the property or type of property rights offended, or the persons offended;

(4) the crimes were not committed while the defendant attempted to escape or avoid detection or apprehension after the commission of another crime;

(5) the sentence is not for a violation of AS 11.41.100–11.41.470; or

(6) the sentence is not for a violation of AS 11.41.500–11.41.530 that results in physical injury or serious physical injury as those terms are defined in AS 11.81.-900.

The court of appeals summarized the difficulties in interpreting AS 12.55.025(g):

The first three subparagraphs, (1)–(3), identify three situations in which concurrent sentences have been traditionally imposed. The problem arises because the last three subparagraphs, (4)–(6), are phrased in the negative and appear to describe situations in which the legislature may not have wished concurrent sentences, yet the drafter placed all six subparagraphs in the disjunctive. This grammatical structure suggests that each subparagraph should be considered an independent basis for permitting concurrent sentences. Read in this literal fashion, however, the statute would per-

mit imposition of concurrent sentences in almost every case, since the conduct need only satisfy one of the six subparagraphs, and three of them are in the negative.

*Andrews,* 707 P.2d at 905–906 (citations omitted).

The court of appeals concluded that reading all six paragraphs disjunctively did not obviously violate legislative intent and was one of several "reasonable interpretations" of the statute. *Id.* at 908. The court of appeals therefore resolved the statute's ambiguity by adopting this interpretation as the one most favorable to the defendant. *Id.*

I agree that the statute is subject to several reasonable interpretations and that the rule of lenity should be applied by construing the statute strictly against the state. However, the construction adopted by the court of appeals and the majority is not a reasonable interpretation of the statute since it cannot be squared with legislative intent.

The one aspect of the legislative intent that can be confidently ascertained is that the statute was designed to require trial courts to give consecutive sentences as a general rule, subject to certain exceptions. AS 12.55.025(e) states that sentences "*shall* run consecutively," except as provided in paragraph (g) (emphasis added). AS 12.55.025(e) and (g) replaced legislation which had given trial courts discretion to impose concurrent sentences in all cases.[1] The legislative commentary to the new sections indicates that they are designed to limit the trial court's discretion to impose concurrent sentences:

> The intent of these sections are [sic] to specify circumstances when consecutive sentences are required by law and to specify the general rule that consecutive sentences are required unless the court

has the discretion to impose concurrent sentences under subsection (g).

3 House Journal Supp. No. 64, at 19 (1982).

Paragraph (g) is drafted in a way such that it is difficult to determine exactly how the legislature wished the six subparagraphs to interact and to be applied. It is clear, however, that the legislature intended the subparagraphs to function as exceptions to a general rule. The majority's interpretation cannot be what the legislature intended, because to read the six subparagraphs entirely in the disjunctive causes the exceptions to completely eliminate the general rule.

Under the majority's interpretation the exception applies and concurrent sentences may be given so long as defendant's crimes were not committed while he was attempting to escape. AS 12.55.025(g)(4). Even more significant is that under the majority's interpretation subparagraphs (g)(5) and (g)(6) function to eliminate the possibility that consecutive sentences are ever required. Subparagraph (g)(5) provides that concurrent sentences may be given if the sentence is not for a violation of AS 11.41.100–11.41.470, which encompass homicide, assault and reckless endangerment, kidnapping, and sexual offenses. Subparagraph (g)(6) provides that concurrent sentences may be given if the sentence is not for a violation of AS 11.41.500–11.41.530, which encompass robbery, coercion, or extortion, that results in physical injury or serious physical injury. The result of the majority's approach will be that concurrent sentences are always available, since homicide, assault and sexual offenses necessarily are not robbery, coercion, or extortion and thereby fall under (g)(6), and robbery, coercion, and extortion necessarily are not homicide, assault or sexual offenses and thereby fall under (g)(5).

While normally phrases separated by "or" should be read disjunctively, courts will not give a statute that interpretation if

---

1.  Former AS 12.55.025(e) provided in part:
    If the defendant is convicted of two or more crimes before judgment on either has been entered, any sentences of imprisonment may run concurrently or consecutively, as the court provides. If the court does not specify, the sentences of imprisonment shall run concurrently.

this will frustrate the legislative intent. *De Sylva v. Ballentine*, 351 U.S. 570, 573–580, 76 S.Ct. 974, 976–79, 100 L.Ed. 1415, 1423–1427 (1956); *United States v. Moore*, 613 F.2d 1029, 1038–1045 (D.C.Cir.1979), *cert. denied*, 446 U.S. 954, 100 S.Ct. 2922, 64 L.Ed.2d 811 (1980); 1A C. Sands, *Sutherland Statutory Construction* § 21.14 (4th ed. 1985). Although the rule of lenity provides that criminal statutes should be strictly construed against the state, "the statute is not to be construed so strictly as to defeat the intention of the legislature." *Moore*, 613 F.2d at 1044. To read the six subparagraphs entirely in the disjunctive clearly would frustrate the legislative intent to require consecutive sentences in some instances.[2] Therefore such a reading should not be accepted.

The question remains how paragraph (g) should be construed. The state argues that concurrent sentences may be given if defendant's crimes fall within subparagraph (1)–(3) *unless* they fall within the situations described in subparagraphs (4)–(6). In other words the state maintains that subparagraphs (4)–(6) act as a limitation on and override subparagraphs (1)–(3), such that a defendant who commits crimes such as sexual offenses, assault, or homicide, or who commits crimes while escaping, must always receive consecutive sentences.[3]

The above interpretation is consistent with the general legislative intent that consecutive sentences be required subject to certain exceptions. I would not, however, adopt this interpretation. The statute can be interpreted in more than one way that is consistent with the general legislative intent. At the same time the wording of the statute does not make clear the specific legislative intent as to the interaction of the exceptions. In such a situation the rule of lenity should apply and the statute should be construed strictly against the state. *Dunn v. United States*, 442 U.S. 100, 112–113, 99 S.Ct. 2190, 2197, 60 L.Ed.2d 743, 754 (1979); *Moore*, 613 F.2d at 1043.[4]

Therefore, I would construe the statute to mean that concurrent sentences may not be given if the crimes fall within subparagraphs (4)–(6), *unless* one of the criteria set out in subparagraphs (1)–(3) are met.[5] In other words subparagraphs (1)–(3) override subparagraphs (4)–(6). Such an interpretation satisfies the rule of lenity, while at the same time it is consistent with the general legislative intent. Under this interpretation there will be instances when consecutive sentences will be required—i.e. when defendant's conduct does not fall within subparagraphs (1)–(3).[6]

2. Additionally, a statute should be construed to give effect to all of its provisions, such that no part should be read as inoperative, superfluous, void or insignificant. *State v. Frazier*, 719 P.2d 261 (Alaska 1986); 2A C. Sands, *supra*, § 46.06, at 104. The majority's interpretation renders AS 12.55.025(e) superfluous.

3. This interpretation was applied pursuant to agreement of the parties by the court of appeals in *Griffith v. State*, 675 P.2d 662, 664 (Alaska App.1984).

4. It should also be noted that to construe the statute in the manner the state urges would result in mandatory consecutive sentences for such crimes as reckless endangerment (AS 11.-41.250), indecent exposure (AS 11.41.460), and coercion (AS 11.41.530).

5. This interpretation was urged by the defendant in *State v. Moody*, (Lekanof), 726 P.2d 194, (Alaska 1986).

6. If this interpretation is not in fact what the legislature intended, the legislature should redraft the statute to clarify its intent.

I concur in the result the majority reaches because the defendants' crimes involved similar societal interests. Subparagraph (g)(1) therefore is satisfied and concurrent sentences may be given.