**STATE of Alaska, Petitioner,**

v.

**The Honorable Ralph E. MOODY, Judge of the Superior Court and the Superior Court for the State of Alaska, Third Judicial District, Respondent.**

**John Lekanof, Real Party in Interest.**

**No. S–203.**

Supreme Court of Alaska.

Sept. 26, 1986.

Peter A. Michalski, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for petitioner.

Tina Kobayashi, Asst. Public Defender, Dana Fabe, Public Defender, Anchorage, for respondent.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

PER CURIAM.

John Lekanof was sentenced by the Honorable Ralph E. Moody in a manner deemed illegal by the state. Pursuant to Appellate Rule 402, the state petitioned the Court of Appeals for review, which was denied. The state then petitioned this court for hearing, and the petition was granted. Alaska R.App.P. 302.

Our recent decision in *State v. Andrews*, 723 P.2d 85 (Alaska, 1986) (aff'g., 707 P.2d 900 (Alaska App.1985)) disposes of the issues in this appeal. Under the *Andrews* analysis of AS 12.55.-025(e) and (g), Judge Moody had the authority to impose a concurrent sentence for the assault conviction. The effect of imposing a consecutive sentence and then suspending it is the same as imposing concurrent sentences. The sentence is therefore AFFIRMED.

RABINOWITZ, Chief Justice, with whom COMPTON, Justice, joins, dissenting.

I dissent for the reasons expressed in my concurring opinion in *State v. Andrews*, 723 P.2d 85, 86–88 (Alaska, 1986). I believe the statute should be interpreted as authorizing concurrent sentences only if one of the criteria set out in AS 12.55.-025(g)(1)–(3) are met.

The two crimes for which Lekanof was sentenced were first degree sexual assault involving a sexual assault on his girlfriend's twelve-year-old daughter on October 29, 1982, and second degree assault involving an attack on his girlfriend on November 11, 1982. I conclude that the requisite criteria of AS 12.55.025(g) are not

met. The two crimes do not violate similar societal interests, (g)(1), they were not part of a single, continuous criminal episode, (g)(2), and there was a substantial change in the objective of the criminal episode (two different crimes occurring at different times, involving different victims), (g)(3).

I would hold that the superior court did not have authority to impose concurrent sentences in this case and therefore its imposition of a suspended consecutive presumptive sentence was illegal. *See* AS 12.-55.125(g).