BRYNER, Chief Judge,
concurring and dissenting.
I join in the court’s decision to affirm McPherson’s conviction but not in its conclusion that McPherson’s sentence is excessive. I agree that the sentence must be vacated and the case remanded for resen-tencing. However, I reach this conclusion for slightly different reasons than the court.
In imposing McPherson’s sentence, Judge Johnstone began by creating a “benchmark” term of twenty to twenty-five years for the offense of misconduct involv *933 ing a controlled substance in the first degree. The judge then proceeded to determine McPherson’s sentence by reference to this benchmark:
This case is a case where the sentence ranges on the cocaine case from five to ninety-nine years. In murder cases, we have benchmarks for typical offenses, typical murders. I don’t know the benchmark in this type of a case, so I’m going to establish a benchmark. I think because of the seriousness of the offense, because of the offense in general, the— not your conduct necessarily, but the offense in general, I think that the way the legislature and the community views this type of offense and the disastrous effects it has on our society and our youth, I think a benchmark of between twenty and twenty-five years is an appropriate benchmark for the offense of misconduct involving a controlled substance in the first degree or a sale to juveniles is present.
In your case, I think the conduct is mitigated somewhat, but the offender is aggravated somewhat. I think overall, looking at the offense that you’ve been convicted of it’s a typical offense. It’s not aggravated so it needs enhancement of the benchmark, nor is it mitigated that it needs reductions in the benchmark. Because of the conduct, I tend to lean towards the bottom end of the benchmark.
In my view, this approach was fundamentally flawed and requires resentencing.
A basic precept of sentencing is that, in each case, the defendant’s sentence must be based upon an individualized consideration of the offender and the offense. To lend structure and uniformity to this process, we have occasionally established benchmark sentences for particular types of crimes. See, e.g., Page v. State, 657 P.2d 850 (Alaska App.1983) (establishing benchmark for second-degree murder); State v. Andrews, 707 P.2d 900 (Alaska App.1985), aff'd, 723 P.2d 85 (Alaska 1986) (adopting benchmark for sexual assault/sexual abuse cases); State v. Jackson, 776 P.2d 320 (Alaska App.1989) (adopting benchmarks for first offense class B felonies). These benchmarks, however, have all been predicated upon our review of past sentencing decisions dealing with similarly situated offenders. In establishing benchmarks, we have attempted to synthesize historical sentencing practices for specific types of offenses in order to provide realistic, experientially based sentencing norms for guidance in future similar cases. Notably, we have never attempted to create sentencing benchmarks based on our abstract notions of what a typical sentence for a given offense ought to be.
In the present case, however, that is precisely what the superior court did in establishing a “benchmark” for McPherson’s offense. The exact basis for the sentencing court’s selection of twenty to twenty-five years as the benchmark in the present case is not entirely certain. As the majority opinion indicates, however, there is certainly no case law to support the conclusion that a twenty to twenty-five year term is a typical sentence for a typical offense of the type committed by McPherson. Nor can it be assumed that sentencing benchmarks established for other unclassified felonies would be applicable here.
For example, second-degree murder is an unclassified felony that is subject to the same range of penalties as misconduct involving a controlled substance in the first degree. In Page v. State, 657 P.2d at 855, we established a benchmark sentencing range of twenty to thirty years for typical second-degree murder cases. At first blush, it might seem tempting to apply the Page benchmark here. Yet in Pears v. State, 698 P.2d 1198 (Alaska 1985), the supreme court expressly refused to apply the Page benchmark to second-degree murder cases involving incidents of drunken driving. In the Pears court’s view the differences in conduct between traditional second-degree murder cases and cases involving drunken driving homicides were sufficient to preclude application of the same benchmark in both types of cases. The court in Pears found that cases involving offenders convicted of drunken driving manslaughter afforded a more suitable point of reference for sentencing purposes.
*934 Similarly, in cases of kidnapping, another unclassified felony subject to a sentencing range of five to ninety-nine years, this court has refrained from applying the Page benchmark; to the extent that we have considered any benchmark, we have suggested that it would be substantially lower than the twenty to thirty-year range found applicable in traditional second-degree murder cases. See e.g., Garrison v. State, 762 P.2d 465, 469-74 (Alaska App.1988) (Singleton, J., concurring).
From the sentencing remarks in this case, it appears that Judge Johnstone’s benchmark simply reflected his personal impression of what the norm for McPherson’s offense should be. The problem with this approach is that it is essentially arbitrary. It thereby undermines the principle of individualized sentencing and subverts the basic goal of uniformity. When cut loose from the solid moorings of prior case law, sentencing benchmarks become nothing more than normative expressions of the sentencing court’s predilections; as such, benchmarks are apt to drift in one direction or the other, depending entirely on the viewpoint of the judge who happens to be assigned to the case.
In McPherson’s case, for example, if we begin by accepting the twenty to twenty-five year benchmark established below, Judge Johnstone’s decision to impose a twenty-year sentence, which falls at the bottom of the range, might appear rational and relatively noncontroversial. Another judge, however, might have selected a wholly different “benchmark” as a starting point — either higher or lower — and come up with a wholly different sentence — but one that would seem equally reasonable if the validity of the benchmark were assumed. In each case, the result of the court’s individualized sentencing analysis would largely be predetermined by the wholly subjective and essentially arbitrary benchmark selected as a starting point.
McPherson deserved to have his sentence determined not from an artificially selected starting point, but rather from an individualized consideration of the totality of the circumstances, viewed in the context of the sentencing range specified in the statute. Upon his conviction for misconduct involving a controlled substance in the first degree, McPherson was subject to a minimum sentence of five years and a maximum of ninety-nine. This broad sentencing range appears to reflect the legislature’s recognition of the broad range of misconduct encompassed within the definition of the offense. An offender who regularly sold large quantities of drugs to young children for profit would clearly be at the top of this range. In contrast, McPherson’s conduct falls distinctly closer to the opposite end of the spectrum.
McPherson was convicted for a single sale of a small quantity of cocaine to an informant who was almost nineteen years of age. Had McPherson’s buyer been only slightly older, the offense would have been punishable as a class B felony, subjecting McPherson to a presumptive term of only six years. Although McPherson engaged in more regular commercial sales of marijuana to children — offenses that subjected him to punishment for the lesser offense of misconduct involving a controlled substance in the third degree — the sale of cocaine that led to his conviction of first-degree misconduct involving a controlled substance was evidently an isolated incident and was apparently not commercially motivated. All in all, the sale of cocaine for which McPherson was convicted was a far cry from the paradigm of an unscrupulous dealer selling drugs to hapless youngsters through the school yard fence. Based on McPherson’s conduct alone, it would be difficult to justify a sentence significantly exceeding the statutory minimum term of five years.
On the other hand, however, McPherson was no youthful first offender. He was twenty-five years old at the time of the offense and had two prior felony convictions. Moreover, McPherson was still on work release from his most recent conviction. These circumstances are highly relevant to the determination of an appropriate overall sentence. For example, if McPherson had been convicted of the next lower class of drug related offense — the class A felony of second-degree misconduct involv *935 ing a controlled substance — he would have been subject to a presumptive term of fifteen years. When viewed from this perspective, the twenty-year sentence that McPherson actually received seems far less obviously excessive.
Because of the competing considerations involved in this case, I believe that, although the sentencing court’s reliance on an inappropriate sentencing benchmark requires McPherson to be resentenced, the task of determining an appropriate sentence should be left to the superior court on remand. As we have previously said:
Sentencing is primarily a trial court function. It is an individualized process, and appellate courts have traditionally deferred to the trial judge’s superior opportunity to evaluate the offender and the offense.
Garrison v. State, 762 P.2d at 469. At this juncture, I think it premature to declare either that a twenty-year sentence would necessarily be excessive or that a fifteen-year sentence would necessarily be acceptable. Accordingly, I would remand for re-sentencing without expressing a view as to the term that should be imposed below.