**Eugene J. BOURDON, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**Nos. A–7689, A–7699.**

Court of Appeals of Alaska.

July 20, 2001.

Michael P. Heiser, Ketchikan, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

1. AS 11.41.436(a)(2), (b).

2. AS 11.31.100(a), (c)(4); AS 11.41.436(a), (b).

3. Ch. 50, § 1, SLA 1995.

## OPINION

COATS, Chief Judge.

This is a bail appeal. A jury convicted Eugene J. Bourdon of four counts of sexual abuse of a minor in the second degree, a class B felony.[1] Bourdon applied for bail pending appeal, but the superior court found that Bourdon was ineligible for bail pending appeal under AS 12.30.040(b)(2) because he had a prior felony conviction for attempted sexual assault in the second degree, a class C felony.[2] Bourdon appeals to this court, arguing that AS 12.30.040(b)(2) violates his constitutional right to equal protection. We agree with Bourdon that the statute violates equal protection and we remand this case to the superior court to reconsider bail.

### Overview of the statute

Alaska Statute 12.30.040(b) denies post-conviction bail to three different groups of offenders. Under AS 12.30.040(b)(1), all defendants (even first felony offenders) convicted of unclassified or class A felonies are denied bail pending appeal. Under AS 12.30.040(b)(2), bail pending appeal is also denied to defendants convicted of class B and C felonies if the defendants have a prior felony conviction for an unclassified or a class A felony. Finally, AS 12.30.040(b)(2) expands this denial of post-conviction bail to defendants convicted of class B and class C felonies if the defendants have a prior conviction for certain other felonies: first-degree stalking (AS 11.41.260), or the class B and class C sexual felonies codified in AS 11.41.420—425 (second-and third-degree sexual assault) and AS 11.41.436—438 (second-and third-degree sexual abuse of a minor).

When the legislature enacted AS 12.30.040(b)(2), it declared that the purpose of the legislation was "to restrict the availability of bail after conviction for certain felons."[3] The legislature specifically noted[4] this court's decision in *Stiegele v. State*,[5] where we held that the legislature could constitutionally restrict or deny bail release to a

4. *See id.*

5. 685 P.2d 1255 (Alaska App.1984).

defined class of "dangerous ... persons" convicted of crimes that carry the most serious penalties.[6]

*Does AS 12.30.040(b)(2) include attempts?*

■ The first question that we must address is whether Bourdon falls within the provisions of AS 12.30.040(b)(2)—that is, whether this statute prohibits Bourdon's post-conviction bail release. Bourdon's prior offense was for attempted sexual assault in the second degree. Although sexual assault in the second degree is one of the felonies listed in AS 12.30.040(b), attempted sexual assault in the second degree is not. The question before us is whether the legislature intended the statute to apply to attempts to commit the offenses listed in AS 12.30.040(b).

Judge Mannheimer and Judge Stewart conclude that AS 12.30.040(b)(2) should be interpreted to include defendants previously convicted of an attempt to commit one or more of the felonies listed in the statute. My colleagues reason that, although the statute does not expressly mention attempts, the legislative history of the statute (which we explain in considerable detail in the next section of this opinion) demonstrates that the legislature was concerned about the dangerousness and the recidivism of sex offenders. My colleagues conclude that, with regard to dangerousness and recidivism, there is little distinction between defendants who have committed one or more of the listed felonies and defendants who have attempted to do so.

■ My colleagues note that, to be convicted of attempt, a defendant must have intended to perform the completed crime and must have engaged in a substantial step toward the completion of that crime.[7] Because

of this mental state and this conduct, my colleagues reason, the defendant has shown himself to be equally as dangerous as an offender who completes the crime. As this court pointed out in *Mack v. State*,[8] Alaska's law of attempts is premised "on the doctrine that *voluntas reputabitur pro facto*—the intention is to be taken for the deed."[9] We noted:

> The commentary to the Model Penal Code, which classifies most attempts as the same grade of crime as the completed offense, points out that ... the bases for sentencing are [generally] the same whether the crime is completed or only attempted. "To the extent that sentencing depends upon the antisocial disposition of the actor and the demonstrated need for a corrective sanction, there is likely to be little difference in the gravity of the required measures depending on the consummation or failure of the [criminal's] plan."[10]

Based on this analysis, my colleagues conclude that the legislative intent behind AS 12.30.040(b)(2) will be defeated unless the statute is interpreted to include attempts as well as completed sexual felonies.

In my view, *Mack v. State* is distinguishable. In *Mack*, we found clear legislative intent to ban courts from granting a suspended imposition of sentence to all sex offenders.[11] Bourdon's case is more like *George v. State*,[12] where we applied the general rule of statutory construction that ambiguities in criminal statutes should be narrowly read and construed strictly against the government.[13]

The legislative history of AS 12.30.040(b) does not show that the legislature intended to include anything but the listed crimes in

6. *Id.* at 1258 (quoting *Griffith v. State*, 641 P.2d 228, 234 (Alaska App.1982)).

7. *See* AS 11.31.100(a).

8. 900 P.2d 1202 (Alaska App.1995).

9. *Id.* at 1204 n. 2 (quoting 2 WAYNE R. LaFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 6.2(a), at 18 (1986)).

10. *Mack*, 900 P.2d at 1204 n. 2 (quoting AMERICAN LAW INSTITUTE, MODEL PENAL CODE AND COMMENTARIES § 5.05, comment at p. 490 (1985)).

11. 900 P.2d at 1204.

12. 988 P.2d 1116 (Alaska App.1999).

13. *See id.* at 1117–18; *State v. Andrews*, 707 P.2d 900, 907 (Alaska App.1985), *aff'd*, 723 P.2d 85 (Alaska 1986); 3 NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION, §§ 59.03, 59.04, 59.06 (5th ed.1992).

the ban on post-conviction bail. Under these circumstances, I would apply the rule of statutory construction that criminal statutes should be strictly construed against the government. Bourdon's prior conviction for attempted sexual assault in the second degree is not one of the prior offenses set out in AS 12.30.040(b). I do not believe we should expand the statute to include attempts without clearer direction from the legislature. Accordingly, I would hold that the superior court erred in concluding that Bourdon was not entitled to bail under AS 12.30.040(b).

Because the majority of the court concludes that Bourdon's prior conviction for attempted sexual assault in the second degree precludes his admission to post-conviction bail under AS 12.30.040(b), we must next address Bourdon's contention that the statute violates equal protection. On this issue, the members of this court are unanimous: the statute is unconstitutional.

*Does AS 12.30.040(b)(2) violate equal protection?*

 In determining whether a statute violates equal protection, we are to determine whether a legislative classification treating some people differently from others can be justified:

> When adjudicating an equal protection claim under Article I, Section 1 of the Alaska Constitution, the basic question is whether similarly situated people are being treated the same. Often (as in this case), it is clear that the legislature is treating some people differently from others, and the court's real task is to assess whether this different treatment is justifiable. We must ask why the legislature chose to treat the two groups differently, and whether there is in fact a relevant difference between them. If so, then our next task is to examine how the legislature's classification

hurts the disadvantaged group of people and to judge the significance of this legislated disadvantage. If the legislature's action adversely affects important individual rights, then the legislature's goal must be correspondingly important, and the classification drawn by the statute must be closely tailored to achieving that goal. Conversely, if the legislation affects only lesser rights or interests, then the legislation can rest on a lesser goal, and the means chosen to achieve that goal can be less precise.[14]

In *Griffith v. State,*[15] we concluded that both the state and the defendant had substantial rights at stake when the defendant applied for bail pending appeal.[16] We recognized that the state had substantial reasons for limiting bail pending sentencing and appeal—to assure the defendant's appearance and compliance with further orders of the court, and to protect the community.[17] On the other hand, we recognized that denial of bail pending appeal had a significant impact on a defendant—"the possibility of wrongful detention, the loss of income, the diminution of investigative opportunities, and the impairment of the family relationship." [18]

We have grave difficulties with the section of AS 12.30.040(b)(2) that denies post-conviction bail to a defendant convicted of a class B or class C felony if the defendant has a prior conviction for first-degree stalking or for a class B or class C sexual felony. Based on the minutes of the House and Senate Judiciary Committees, the impetus for this provision was an incident in which a man with a prior history of sexual assault was charged with a drug felony and was released on bail, whereupon he assaulted two more women.[19] The legislature's implicit rationale for enacting this restriction on bail release was that people who commit sexual assault or sexual

---

**14.** *State v. Ladd,* 951 P.2d 1220, 1224 (Alaska App.1998) (citations omitted).

**15.** 641 P.2d 228 (Alaska App.1982).

**16.** *See id.* at 234.

**17.** *See id.; see also Stiegele v. State,* 685 P.2d 1255, 1257 (Alaska App.1984).

**18.** *Griffith,* 641 P.2d at 234 (citation omitted).

**19.** *See* Committee Minutes, Senate Judiciary Committee Hearing on S.B. 7 (March 8, 1995); Committee Minutes, House Judiciary Committee Hearing on S.B. 7 (April 22, 1995); Committee Minutes, Senate Judiciary Committee Hearing on S.B. 228 (March 30, 1994) (S.B. 228 was the identical predecessor bill of S.B. 7).

abuse of a minor (or the related crime of stalking) are so dangerous that they should not be trusted on bail.

■ But if the rationale of AS 12.30.040(b)(2) is the perceived dangerousness of sexual offenders, the statute applies this rationale in a seemingly irrational manner. Under AS 12.30.040(b)(2), a defendant's *prior* conviction of a sexual felony will disqualify that defendant from bail, but a defendant's *current* conviction of a sexual felony has no effect.

The statute declares that if a defendant has a prior conviction for a class B or class C sexual felony, the defendant will be ineligible for bail if that defendant is later convicted of any class B or class C felony—for example, burglary, or first-degree vehicle theft, or possession of one pound of marijuana. But if the chronological order of these convictions is reversed—that is, if the defendant has a prior conviction for burglary, first-degree vehicle theft, or possession of one pound of marijuana, and the defendant's *current* conviction is for a class B or class C sexual felony—then the statute does not apply, and the defendant remains eligible for bail release even though the defendant is assumedly just as dangerous (by virtue of having committed a sexual felony).

One might argue that the legislature believed that a prior conviction carries more weight, since a current conviction might still be overturned on appeal. But the wording of AS 12.30.040 undercuts this argument; the statute does not limit itself to convictions that have been tested on appeal. Paragraph (b)(1) of the statute denies bail to all defendants convicted of unclassified or class A felonies, even though the defendants' appeals have not been heard. And paragraph (b)(2) of the statute applies to all defendants who have a prior conviction for a class B or class C sexual felony, even when the defendants are contemporaneously pursuing appeals of those sexual felony convictions.

■■ In short, we are unable to discern a reasonable basis for denying bail to second felony offenders with *prior* convictions for sexual felonies while at the same time grant-

ing bail to second felony offenders with *current* convictions for those same sexual felonies. As we stated in *Griffith v. State,* "The legislature may certainly deny post-conviction bail to dangerous offenders, but if it does so, it must act in an evenhanded manner." [20] We conclude that the section of AS 12.30.040(b)(2) at issue in this case—the section that denies post-conviction bail to second felony offenders previously convicted of one of the listed sexual felonies—violates the equal protection clause of the Alaska Constitution.

The decision of the superior court is REVERSED, and this case is remanded to the superior court with directions to determine Bourdon's eligibility for bail under AS 12.30.040(a).