NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| WILBERT PAUL BOWLIN,<br><br>Appellant,<br><br>v.<br><br>STATE OF ALASKA,<br><br>Appellee. | Court of Appeals No. A-11465<br>Trial Court No. 3KN-11-2021 CR<br><br>O P I N I O N<br><br>No. 2484 — January 15, 2016 |

Appeal from the Superior Court, Third Judicial District, Kenai, Charles T. Huguelet, Judge.

Appearances: Tracey Wollenberg, Assistant Public Defender, and Quinlan Steiner, Public Defender, Alaska Public Defender Agency, Anchorage, for the Appellant. Eric A. Ringsmuth, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley, District Court Judge.[*]

Judge ALLARD.

Wilbert Paul Bowlin was convicted of second-degree assault, a class B felony, following an altercation with his wife. Bowlin appealed his conviction to this

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Court, and he asked the superior court to release him on bail pending resolution of that appeal.

The superior court denied Bowlin's request for a bail hearing, concluding that Bowlin was ineligible for bail release under AS 12.30.040(b)(3) because he had a prior felony conviction within ten years of his conviction in this case. Under AS 12.30.040(b)(3), a person is ineligible for bail pending appeal "if the person has been convicted of an offense that is ... a class B felony [and] the person has been convicted within the previous 10 years of a felony."

Bowlin argues that the superior court erred in denying his request for a bail hearing. He argues that the ten-year look back in AS 12.30.040(b)(3) should be calculated from the date he filed his motion for bail release — not from the date of his conviction of a class B felony.

The bail statute does not explain what precisely the legislature meant by "within the previous 10 years." We conclude — after reading the statute in a common-sense manner, with an eye to the legislature's purpose in enacting the statute — that the legislature intended the ten-year look back to be calculated from the date of the defendant's conviction of a class B felony.[1]

Prior to 2010, a defendant convicted of a class B or class C felony was ineligible for release pending appeal if the defendant had a certain type of serious prior felony conviction (*i.e.*, a stalking conviction or an unclassified, class A , or sexual felony

---

[1] *See Nelson v. Anchorage*, 267 P.3d 636, 639 (Alaska 2011) (explaining that Alaska courts interpret statutes "according to reason, practicality, and common sense, considering the meaning of the statute's language, its legislative history, and its purpose").

conviction), regardless of the date of the prior conviction.[2]  But in *Bourdon v. State*,[3] we ruled that this portion of the bail statute violated equal protection because it made any defendant convicted of a class B or class C felony who had a prior sexual felony conviction ineligible for bail release, while a defendant with a *current* sexual felony conviction was entitled to apply for bail.[4]  Because we could discern no rational basis for this distinction, we invalidated that portion of the statute.[5]

In 2010, as part of a larger bill aimed at streamlining bail release procedures, the Alaska Legislature rewrote this portion of the bail statute, in part to address our equal protection concern.[6]  The 2010 amendment made all defendants convicted of a sexual felony ineligible for bail release, and redefined the category of class B felony offenders ineligible for bail release to include those "convicted within the previous 10 years of [any] felony."[7]

As we just noted, the legislature did not specify what it meant by "convicted within the previous 10 years."  But the legislative history demonstrates that the legislature's purpose in revising AS 12.30.040(b)(3) was to protect victims and the public from defendants who demonstrated a certain level of dangerousness, while protecting the right of other less dangerous offenders to bail release.[8]  To that end, the

---

[2]  Former AS 12.30.040(b)(2) (pre-July 1, 2010 version).

[3]  28 P.3d 319 (Alaska App. 2001).

[4]  *Id*. at 323.

[5]  *Id*.

[6]  *See* Sectional Analysis of Proposed Legislation (H.B. 324) at 5, *available at* http://www.legis.state.ak.us/basis/get_documents.asp?session=26&docid=6498.

[7]  AS 12.30.040(b)(3).

[8]  *See, e.g.*, Sectional Analysis of Proposed Legislation (H.B. 324); House Judiciary
(continued...)

legislature determined that a person convicted of a class B felony who had a prior felony conviction within ten years was sufficiently dangerous to be ineligible for release on bail.

Nothing in the legislative history of AS 12.40.030(b)(3) suggests that the legislature believed these offenders would become less dangerous during their incarceration pending appeal, such that they should become eligible for bail release if they passed the ten-year anniversary of their prior conviction while incarcerated. Nor do we think this result would be compatible with the legislature's intent to protect the public and victims from offenders the legislature had deemed too dangerous to be released on bail because of their recidivism and the seriousness of their offenses.

Bowlin argues that basing a legislative determination of dangerousness on the length of time between the defendant's felony convictions is arbitrary because the date a defendant is convicted will often hinge on factors outside the defendant's control — such as the availability of a witness. We concede that the line the legislature has drawn is to some extent arbitrary, and that under AS 12.30.040(b)(3) some dangerous felons might be eligible for a bail hearing while other less dangerous offenders are not. But this circumstance does not render the statute unconstitutionally arbitrary; as our supreme court has emphasized, the constitution does not demand perfect legislative classifications, only a "reasonable nexus between legislative means and ends."[9]

Moreover, this arbitrariness would not be cured if the legislative determination of dangerousness hinged instead on whether ten years had elapsed between the defendant's prior conviction and the defendant's application for bail. Nor,

---

[8]  (...continued)
Committee hearing on H.B. 324 (Mar. 19 and Mar. 22, 2010); House Finance Committee hearing on H.B. 324 (Apr. 12, 2010); Senate Judiciary Committee hearing on H.B. 324 (Apr. 15, 2010).

[9]  *Rose v. Commercial Fisheries Entry Com'n*, 647 P.2d 154, 160 (Alaska 1982).

as we just explained, have we found anything in the language or history of the bail statute suggesting that this is what the legislature intended.

We therefore AFFIRM the superior court's decision denying Bowlin's request for a bail hearing.