**Terry DANKS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4952.**

Supreme Court of Alaska.

Nov. 21, 1980.

Daniel T. Saluri, Fairbanks, for appellant.

Mark I. Wood, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., CONNOR, BURKE, MATTHEWS, JJ., and DIMOND, Senior Justice.

PER CURIAM.

Terry Danks was arrested in September, 1978, for operating a motor vehicle while under the influence of intoxicating liquor ("OMVI"). He was convicted in the Fairbanks district court in March, 1979. Because this was Danks' third OMVI conviction, the district court ordered his driver's license revoked for three years, pursuant to statute. Danks appealed this revocation, but it was affirmed by the superior court. He has appealed again.

Danks claims first that the mandatory three–year license revocation for third OMVI offenders should not apply to him, because his prior OMVI convictions were in 1970 and 1972. As 28.15.210(c), the revocation statute in effect at the time of Danks' offense here, says nothing about discounting old OMVI convictions:

"A court convicting a person of the offense specified in (a)(5) of this section [OMVI] shall revoke the license for a period of not less than 30 days for the first conviction, unless the court determines that the person, except for the nature of the offense, would otherwise be entitled to a limited license under (b) of this section. In that event, the court shall limit the person's license for the 30–day period. Subsequent convictions of a person for the offense specified in (a)(5) of this section shall result in the following periods of revocation by the court:

(1) not less than one year for the second conviction;

(2) not less than three years for a third or subsequent conviction." [1]

But Danks argues that this statute must be construed consistently with AS 28.35.030, which sets higher criminal sentences for second and subsequent OMVI violators. As it existed in September, 1978, that statute mandated at least an unsuspended three–day jail sentence for a second OMVI conviction within five years of the first, and an unsuspended ten–day sentence for a third conviction within five years of the second.[2] Thus, Danks asserts, the three–time offender license revocation provision of AS 28.15.-210(c) cannot apply to him, since six years separated his second and third OMVI convictions. He admits that the time limits of

---

1. The revocation provisions of this statute were reenacted by the 1978 legislature in AS 28.15.-181(b). Ch. 178, § 19, SLA 1978.

2. Effective October 10, 1978, AS 28.35.030 was amended to require an OMVI violator to serve at least three days for a first conviction and ten days for any subsequent conviction within five years of another. Ch. 152, § 2, SLA 1978.

AS 28.35.030 apply specifically only to mandatory minimum jail time, and not to license revocations. But he argues in his brief that "it does not make sense to treat a Defendant as a first offender in one sentence of the statute and as a third–time offender in another sentence of the statute."

We find no merit to this contention. As 28.15.210(c) and AS 28.35.030 are plainly separate statutes, and nothing in either statute or the legislative history indicates that the time provisions of the latter are to be engrafted onto the former. Nor do we agree with Danks that the inclusion of time limits in one statute but not the other makes no sense. The legislature could reasonably have concluded that a person with infrequent OMVI violations should not be subject to stringent criminal sanctions, but was still enough of a danger on the road to warrant a lengthy license revocation.

■ Danks also argues that the three–year revocation provision of AS 28.15.210(c), if applied to him, would be unconstitutional as an ex post facto law,[3] because his first two OMVI offenses took place prior to the 1974 enactment of section 210(c).[4] But the United States Supreme Court has rejected a similar attack on application of a habitual offender statute, providing enhanced punishment for a fourth felony conviction, when one of the prior convictions was obtained before the statute was passed. In *Gryger v. Burke*, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948), the Court rejected Gryger's ex post facto argument summarily:

"Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." (citations omitted).

334 U.S. at 732, 68 S.Ct. 1258, 92 L.Ed. at 1687. *Gryger* is dispositive of any claim based on the federal constitution, and we see no reason for us to interpret Alaska's constitutional provision differently.

The decision of the superior court affirming the district court's judgment is AFFIRMED.

BOOCHEVER, J., not participating.

---

3. U.S.Const., Art. I, § 10; Alaska Const., Art. I, § 15. An ex post facto law is a law "passed after the occurrence of a fact or commission of an act, which retrospectively changes the legal consequences or relations of such fact or deed." Black's Law Dictionary at 520 (5th ed. 1979).

4. Subsec. (c) to AS 28.15.210 was added by Ch. 74, § 1, SLA 1974. Prior to 1974 license revocations for OMVI offenders fell within the court's discretion.