**Marvin J. CARTER, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. 5144.**

Court of Appeals of Alaska.

March 19, 1981.

[redacted]

Christopher E. Zimmerman, Fairbanks, for appellant.

Randy M. Olsen, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

PER CURIAM.

Marvin Carter was convicted of operating a motor vehicle while under the influence of intoxicating liquor or drugs [1] (OMVI) after a bench trial before the district court in Fairbanks. Prior to sentencing the prosecutor informed the court that, according to a computer printout, Carter had two prior OMVI convictions in Arkansas, in 1974 and 1976. Accordingly the court sentenced Carter as a third offender, and included the three-year driver's license revocation mandated for third offenders by AS 28.15.181.[2]

---

1. A violation of AS 28.35.030(a).

2. AS 28.15.181(a)(5) and AS 28.15.181(b) provide as follows:

    *Court suspensions, revocations, and limitations.*

    (a) The following are grounds for the immediate suspension or revocation of a driver's license:

    .    .    .    .    .    .

    (5) driving or operating a motor vehicle while under the influence of alcohol or another drug;

    . . . .

    (b) A court convicting a person of an offense under (a)(1)—(7) of this section shall revoke that person's driver's license for a period of not less than 30 days for the first conviction, unless the court determines that the person's ability to earn a livelihood would be severely impaired and a limitation under

Carter appealed to the superior court, but his conviction and sentence were affirmed by that court. He has appealed again, raising three issues regarding the license revocation.

 Carter first claims that the district court erred in accepting the prosecutor's representations about the Arkansas convictions because the prosecutor did not follow the formalities of former Civil Rule 44(b), made applicable to criminal trials by former Criminal Rule 26, relating to the admissibility of official records.[3] Carter's counsel made no objection to admitting the two convictions at sentencing. Furthermore Carter admitted the prior convictions. We find no error.

Carter next argues that the three-year license revocation provision of AS 28.-15.181(b) cannot be constitutionally applied to him, since that statute was not enacted until 1978 and his prior two OMVI convictions were in 1974 and 1976. This identical claim was presented to the supreme court recently in *Danks v. State*, 619 P.2d 720 (Alaska 1980). *Danks* held that application of the statute in this situation does not violate the constitutional prohibitions against ex post facto laws.[4] That holding is dispositive of Carter's claim here.

Carter's final contention is that OMVI convictions from states other than Alaska cannot be used to enhance the period of revocation under AS 28.15.181(b). There is nothing in the language of the statute to support this contention, and we find no reason to interpret the statute in the manner suggested by Carter. Carter argues that, due to the variations in state OMVI statutes, "there is no way of knowing whether the two prior convictions alluded to were even similar violations to that of which the Appellant stands convicted in this case." But the core element of all OMVI statutes is the same: it is illegal to drive while under the influence of intoxicating liquor or drugs. We therefore conclude that a conviction under such a statute may be used for purposes of enhanced license revocation under AS 28.15.181(b).[5]

The opinion of the superior court, affirming the judgment of the district court, is AFFIRMED.

---

§ 201 of this chapter can be placed on the license which will enable the person to earn a livelihood without excessive risk or danger to the public. If a court limits a person's license under this subsection, it shall do so for a period of not less than 30 days. Upon a subsequent conviction of a person for any offense under (a) of this section, the court shall revoke the person's license and may not grant him any limited license privileges for the following periods:

    (1) not less than one year for the second conviction; and

    (2) not less than three years for a third or subsequent conviction.

3. Both of these rules, in effect at the time of Carter's trial, were rescinded when the Alaska Rules of Evidence were adopted.

4. U.S.Const. art. 1, § 10; Alaska Const. art. 1, § 15. *See Gryger v. Burke*, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948).

5. Moreover, under former Civil Rule 43(a)(1), again made applicable to criminal trials by former Criminal Rule 26, the district court was bound to take judicial notice of the Arkansas OMVI statute. That statute, Ark.Stat.Ann. § 75–1027, prohibits persons from driving while "under the influence of intoxicating liquor." AS 28.35.030(a) defines the offense in the same way. Hence, Carter's "varying statutory language" argument is inappropriate here.