Timothy D. MACK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–5440.

Court of Appeals of Alaska.

Aug. 18, 1995.

Kirsten Bey, Asst. Public Defender, Palmer, and John B. Salemi, Public Defender, Anchorage, for appellant.

James L. Hanley, Asst. Atty. Gen., Anchorage, and Bruce M. Botelho, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

Timothy D. Mack pled no contest to attempted sexual abuse of a minor in the third degree, in violation of AS 11.41.438(a)(1) and

11.31.100(a). The offense is a class A misdemeanor. At his sentencing hearing, Mack requested the court to suspend the imposition of his sentence. District Court Judge Peter J. Ashman denied the request, concluding that a suspended imposition of sentence was legally barred in any case involving an offender convicted of either an attempted or completed act of sexual abuse or assault. Judge Ashman sentenced Mack to a term of 180 days, all suspended. Mack appeals, arguing that the sentencing court erred in concluding that it had no authority to suspend the imposition of Mack's sentence. We affirm.

Under AS 12.55.085(a), sentencing courts have broad discretion to suspend the imposition of a sentence; the scope of the court's discretion, however, is limited by the exceptions specified in AS 12.55.085(f). Subsection (f)(1) expressly prohibits courts from suspending the imposition of sentence of a person who "is convicted of a violation of AS 11.41.410–11.41.455." [1] The crimes covered by this exception comprise article 4, chapter 41, of the Alaska Statutes, the article defining all sexual offenses included within Alaska's revised criminal code.

Sexual abuse of a minor in the third degree, a violation of AS 11.41.438, is among the provisions in article 4, so a person convicted of the completed crime of third-degree sexual abuse of a minor plainly is not eligible for a suspended imposition of sentence. Mack, however, was not convicted of third-degree sexual abuse of a minor, but of attempted third-degree sexual abuse. The crime of attempted third-degree sexual abuse of a minor implicates not only the substantive statute covering third-degree sexual abuse (AS 11.41.438), but also the criminal code's general attempt provision (AS 11.31.100(a)). The general attempt statute is not expressly listed in AS 12.55.085(f)(1) as an offense for which a suspended imposition of sentence is barred. Mack reasons that, because he was convicted of attempted, rather than completed, third-degree sexual abuse, a suspended imposition of sentence was permissible in his case.

The narrow issue presented is thus whether a person found guilty of attempting to commit one of the sexual offenses defined in Alaska's criminal code should be deemed to have been "convicted of a violation of" that offense, for purposes of applying the statutory prohibition against the granting of a suspended imposition of sentence.

Mack urges us to resolve this issue by adopting the plain meaning of AS 12.55.085(f)(1), the statutory restriction against the granting of a suspended imposition of sentence in sexual offenses. In Mack's view, subsection (f)(1)'s failure to list the criminal code's attempt statute among the provisions it covers makes it plain that the restriction against granting a suspended imposition of sentence is not meant to apply to attempts—only to completed sexual offenses.

In our view, however, the meaning of subsection (f)(1) is hardly plain from the face of the statute itself. As defined in AS 11.31.100(a)(1), attempt does not occur in the abstract, but only in connection with a separate, substantive offense; the attempt statute provides that "[a] person is guilty of an attempt to commit a crime if, with intent to commit a crime, the person engages in conduct which constitutes a substantial step toward the commission of that crime." Hence, attempt cannot be charged alone; a proper charge of attempt must refer not only to the attempt statute but to the underlying sub-

---

1. AS 12.55.085 provides, in relevant part:

    (a) Except as provided in (f) of this section, if it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence that may be imposed or a period of one year, whichever is greater, and upon the terms and conditions that the court determines, and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.

    .     .     .     .     .

    (f) The court may not suspend the imposition of sentence of a person who
    (1) is convicted of a violation of AS 11.41.410–11.41.455[.]

stantive offense.[2] Because any properly filed charge of attempt to commit a sexual offense will necessarily allege a violation of both the general attempt provision and one of the substantive offenses defined in AS 11.41.410–11.41.455, it is far from "plain" that AS 12.55.085(f)(1), on its face, excludes attempted sexual offenses.[3] In the present case, for instance, Mack pled no contest to a charge that expressly alleged a violation of both the general attempt statute and the statute proscribing sexual abuse of a minor in the third degree. It is not clear to us why he should not be deemed to have violated both provisions for purposes of AS 12.55.085(f)(1).

The legislative history of the bill enacting paragraph (f)(1) clearly evinces the legislature's intent to include all forms of sexual offenses within the restriction against the granting of a suspended imposition of sentence. The restriction itself arose from concern over what the legislature perceived to be the repeated and escalating nature of conduct exhibited by many sexual offenders—a pattern of conduct plainly unsuited to the purposes of the suspended imposition of sentence statute. Speaking before the Senate Health, Education and Social Services Committee, the bill's primary sponsor, then Representative Fran Ulmer, testified that because sexual offenders often begin with the less serious offenses and then graduate to more serious ones, the bill was intended to "cover the entire range of sex offenses." [4]

Little more than common sense is necessary to conclude that "the entire range of sex offenses" includes both attempted and completed acts of sexual assault and abuse. And it would defy both common sense and logic to think that a legislature concerned over the repetitive and escalating nature of sexual offenders' conduct would think it fitting to bar a suspended imposition of sentence only for a completed offense, and not for an attempt. Finally, construing the disputed statute to exclude attempted sexual offenses would have anomalous consequences, for it would result in an unconditional bar against the granting of a suspended imposition of sentence in even the least serious categories of completed sexual offenses, which constitute class A misdemeanors,[5] while simultaneously allowing the same disposition in more serious attempted sexual assault cases, which are felonies.[6]

Mack nevertheless contends that since AS 12.55.085(f)(1) does not expressly cover per-

**2.** Alaska's treatment of attempt as an inchoate form of the substantive offense reflects the traditional view of attempt, which, in its original form, "rested on the doctrine that *voluntas reputabitur pro facto*—the intention is to be taken for the deed." 2 Wayne R. LaFave and Austin W. Scott, Jr., *Substantive Criminal Law* § 6.2(a), at 18 (1986). The commentary to the Model Penal Code, which classifies most attempts as the same grade of crime as the completed offense, points out that with the exception of general deterrence, the bases for sentencing are the same whether the crime is completed or only attempted: "To the extent that sentencing depends upon the antisocial disposition of the actor and the demonstrated need for a corrective sanction, there is likely to be little difference in the gravity of the required measures depending on the consummation or the failure of the plan." American Law Institute, *Model Penal Code and Commentaries* § 5.05 comment at 490 (1985).

**3.** In any event, Alaska's courts "do[ ] not adhere to a 'plain meaning rule' of statutory interpretation that disregards any consideration of legislative purpose or intent." *LeFever v. State*, 877 P.2d 1298, 1299 (Alaska App.1994). Instead, we apply a "sliding scale," balancing the evidence of the legislature's intent against the clarity of the statutory language. As the discussion in the text indicates, the legislative history of AS 12.55.085(f)(1) makes it clear that the legislature intended the restriction against granting a suspended imposition of sentence to be comprehensive.

**4.** Statements made by a bill's sponsor in the course of legislative deliberations are relevant evidence when a court is trying to determine legislative intent. *Madison v. Alaska Dep't of Fish and Game*, 696 P.2d 168, 176 (Alaska 1985) (citation omitted).

**5.** *See, e.g.,* AS 11.41.440(b), providing that sexual abuse of a minor in the fourth degree is a class A misdemeanor.

**6.** For example, attempted sexual abuse of a minor in the second degree would constitute a class C felony. *See* AS 11.41.436; 11.31.100(d)(4).

We note that, regardless of how AS 12.55.085(f)(1) is interpreted, a suspended imposition of sentence could not be granted for an attempted first-degree sexual assault or abuse, since the attempt would constitute a class A felony. Under AS 12.55.125, suspended impositions of sentence in all class A felonies are barred.

sons convicted of attempted violations of AS 11.41.410–11.41.455, the statute is ambiguous. He cites the general rule that ambiguities in penal statutes are to be strictly construed in favor of the defendant. But

> [s]trict construction does not require that statutes be given the narrowest meaning allowed by the language; rather, the language should be given "a reasonable or common sense construction, consonant with the objectives of the legislature." The intent of the legislature must govern and the policies and purposes of the statute should not be defeated.

*Belarde v. Anchorage*, 634 P.2d 567, 568 (Alaska App.1981) (citations omitted).

The Alaska Supreme Court considered an issue of statutory construction similar to this one in *Brookins v. State*, 600 P.2d 12 (Alaska 1979). The court ruled that former AS 11.15.295, which provided that "[a] person who uses or carries a firearm during the commission of a robbery ... is guilty of a felony and upon conviction for a first offense is punishable by imprisonment for not less than 10 years[,]" applied to attempted as well as completed robberies. The court held:

> A strict reading of the statute raises the question of whether it should apply to an attempt to commit a certain action, or only to situations in which the action is completed. The statute is ambiguous on this point, but after consideration in pari materia with the other relevant statutes, and in view of the similar public policy against use of a firearm in either an attempted or completed robbery, we conclude that on proper facts AS 11.15.295 may be applied in the case of an attempted robbery.

600 P.2d at 17.

In Mack's case as well, public policy dictates that attempted sexual abuse be treated like the completed offense for purposes of the suspended imposition of sentence restriction. There is no basis in reason or law for distinguishing attempted from completed sexual offenses under the suspended imposition of sentence statute. Judge Ashman correctly ruled that AS 12.55.085(f)(1) barred the court from granting a suspended imposition of sentence in Mack's case.

The judgment of the district court is AFFIRMED.