**Louis M. GEORGE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–6951.**

Court of Appeals of Alaska.

Oct. 8, 1999.

James Wendt, Anchorage, for Appellant.

Marcelle K. McDannel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

COATS, Chief Judge.

Alaska Statute 12.55.085(f)(1) provides that a "court may not suspend the imposition of a sentence of a person who" commits certain listed crimes.[1] Robbery in the first degree [2] is one of the crimes which falls within the statutory prohibition. Louis George was convicted of conspiracy to commit robbery in the first degree.[3] At sentencing, Superior Court Judge Larry D. Card concluded that AS 12.55.085(f)(1) precluded him from granting George a suspended imposition of sentence (SIS). George appeals this decision. We reverse.

A few weeks prior to the robbery, George was fired from his position at the McDonald's

---

**13.** *Vogler v. Miller,* 651 P.2d 1, 3 (Alaska 1982) (citations omitted).

**1.** The list includes convictions for AS 11.41.100–11.41.220, 11.41.260–11.41.320, 11.41.410–11.41.530, or AS 11.46.400. AS 12.55.085(f)(1).

**2.** AS 11.41.500(a)(1).

**3.** AS 11.31.120(a) and AS 11.41.500(a)(1).

restaurant on Huffman Road in Anchorage. On May 4, 1997, George returned to the restaurant and asked the night manager to unlock the door so that he might use the pay telephone. Once the door was unlocked, Chevy Miller followed George through the door, wearing a ski mask and armed with a small caliber handgun and a crowbar. Miller then pointed the gun at six McDonald's employees and ordered them, along with George, into a back room. Miller proceeded to rob the store, receiving over $1500 in cash. In order to facilitate his escape, Miller pepper-sprayed the employees and George, and then fired a round from his gun into a freezer, ostensibly as a warning shot.

Police later discovered George was involved in the robbery. Upon questioning, George told police that Miller had approached him (prior to his termination) and asked for assistance in robbing the McDonald's. George admitted to answering Miller's questions about the alarm and video tape system, and admitted to transporting Miller to the area on the morning of the robbery, knowing that Miller would rob the store. George also admitted to retrieving the backpack which Miller had abandoned after he fled the store. George then told police he had hidden Miller's backpack in the trunk of his own car. Inside the backpack, the police found a loaded .22 revolver, with a spent round underneath the hammer, and the clothes evidently worn by Miller during the robbery.

George ultimately pleaded no contest to conspiracy to commit robbery in the first degree, a class B felony.[4] Judge Card sentenced George to four years' imprisonment with three and a half years suspended. At sentencing, Judge Card stated George was "the type of person [who] would be eligible for a suspended [imposition of] sentence, but for the law." This appeal followed.

■ The state cites *Mack v. State*[5] as authority for the proposition that AS

12.55.085(f)(1) precludes a court from imposing an SIS for conspiracy to commit robbery in the first degree. *Mack* is distinguishable. In *Mack*, the defendant was convicted of attempted sexual abuse of a minor in the third degree.[6] Alaska Statute 12.55.085(f) clearly precluded the court from imposing an SIS for sexual abuse of a minor in the third degree and other sex offenses included in AS 11.401. However, AS 12.55.085(f) did not expressly list an attempt to commit these listed offenses as crimes for which the legislature had prohibited an SIS. We concluded that the legislature had intended to preclude the courts from imposing a suspended sentence for attempted sex offenses.[7] We relied on legislative history which illustrated the legislature clearly intended the prohibition to "cover the entire range of sex offenses."

We also noted that to have held otherwise would have created "anomalous consequences[.]"[8] For instance, if AS 12.55.085(f)(1) did not preclude a sentencing judge from entering an SIS for attempted sexual assaults, someone who was convicted of a more serious crime (e.g. attempted sexual assault in the first degree) could conceivably be adjudicated more favorably by receiving an SIS than someone convicted of sexual assault in the third degree.

■ In contrast to *Mack*, there is no similar legislative history which would lead to the conclusion that the legislature intended, by including robbery among the list of offenses where a court is precluded from entering an SIS, to preclude a court from imposing an SIS for conspiracy to commit robbery. The definition of conspiracy covers an enormous range of conduct.[9] Because a conspiracy conviction can be based on little active wrongdoing, we cannot say with certainty that the legislature intended to bar courts from imposing an SIS when sentencing defendants convicted of conspiracy. Where legislative intent is ambiguous, the rule of lenity must prevail.[10] That rule requires that ambiguous penal statutes be construed

---

**4.** AS 11.31.120(a) and AS 11.41.500(a)(1).

**5.** 900 P.2d 1202 (Alaska App.1995).

**6.** *See id.*

**7.** *See id.* at 1204.

**8.** *Id.*

**9.** 2 WAYNE R. LaFAVE & AUSTIN W. SCOTT, SUBSTANTIVE CRIMINAL LAW § 6.5(c) (1986).

**10.** *See State v. Andrews*, 707 P.2d 900, 907 (Alaska App.1985) (ambiguities in criminal statutes must be narrowly read and construed strictly against the government); 3 NORMAN J. SINGER,

against the government.[11]  Accordingly, we hold that AS 12.55.085(f)(1) does not preclude a court from granting an SIS to persons convicted of conspiracy to commit one of the listed crimes.

The state points out that under the facts of the case, George could have been convicted of robbery, either as an accomplice or a principle.  However, George was not convicted of robbery.  He was convicted of conspiracy to commit robbery.  Therefore, as we have previously pointed out, under the statute, Judge Card has discretion to impose a suspended imposition of sentence.  The state is certainly free to argue that the facts of the case do not warrant such a disposition.

The sentence is REVERSED and RE-MANDED.

Sutherland Statutory Construction, §§ 59.03, 59.04, 59.06 (5th ed.1992).

**11.**  *See Andrews,* 707 P.2d at 907.