*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| WILLIAM JOHNSON, | ) | |
| | ) | Supreme Court No. S-15965 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-15-05765 CI |
| v. | ) | |
| | ) | O P I N I O N |
| STATE OF ALASKA, | ) | |
| DEPARTMENT OF | ) | No. 7122 -   August 26, 2016 |
| CORRECTIONS, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances:  Jon Buchholdt, Buchholdt Law Offices, Anchorage, for Appellant.  John K. Bodick, Assistant Attorney General, Anchorage, and Craig W. Richards, Attorney General, Juneau, for Appellee.

Before:  Stowers, Chief Justice, Maassen, and Bolger, Justices.  [Fabe and Winfree, Justices, not participating.]

MAASSEN, Justice.

## I.     INTRODUCTION

In a prison discipline proceeding, a prisoner was found guilty of possessing contraband.  He appealed his punishment to a discipline committee, which affirmed the decision.  Then, represented by counsel, the prisoner appealed to the superior court, alleging that the Department of Corrections had deprived him of due process.  The court

granted the State's unopposed motion to dismiss the appeal on the ground that the prisoner's statement of points on appeal was deficient. When the prisoner moved for reconsideration but made no attempt to remedy the deficiency, the superior court denied the prisoner's motion and awarded the State attorney's fees.

The prisoner appeals the dismissal and the award of attorney's fees. Finding no error, we affirm.

## II.     FACTS AND PROCEEDINGS

William Johnson was a prisoner at the Goose Creek Correctional Center. In December 2014 he was working at the Point Mackenzie work farm when a corrections officer found contraband — synthetic cannabinoids (Spice) — inside a cabinet to which only Johnson and one other person had access. Another officer wrote up an incident report detailing the first officer's discovery.

A third officer presided over a disciplinary hearing less than two weeks later. Johnson was found to have violated 22 Alaska Administrative Code (AAC) 05.400(c)(7) (2016), which prohibits the "possession, use, or introduction of contraband[] . . . which directly threatens the security of the facility, such as . . . unauthorized drugs." The decision includes little other information, but it does describe Johnson's statement: "Found in same spot as other stuff . . . Did not know it was there . . . Just did job, did not pay attention to anything else . . . No dirty UA in 17 yrs of incarceration."[1]

Johnson filed an internal appeal, which was denied. The decision on appeal states simply: "Appeal denied — Concur with guilty finding and affirm sanctions to run concurrent with case # 14-1953."

---

[1]     The ellipses appear in the decision itself.

Johnson next filed a notice of appeal to the superior court. His statement of points on appeal read: "The Department of Corrections violated appellant's fundamental constitutional rights to due process in the prison disciplinary process and the violation prejudiced appellant's right to a fair adjudication." The State moved to dismiss the appeal, asserting that the points on appeal were deficient when measured against the requirements of the Alaska Appellate Rules and AS 33.30.295(a), a statute specifically addressing lawsuits brought by prisoners. Though represented by counsel, Johnson did not oppose the State's motion to dismiss. The superior court granted the motion, citing the statute and Alaska Appellate Rule 204(e).

Nearly a month later Johnson tardily moved for reconsideration, arguing that the assertion in his points on appeal that his "fundamental constitutional rights to due process" had been violated "in the prison disciplinary process" was sufficiently specific to survive dismissal. The superior court denied the motion, again citing the appellate rule and statute and observing that Johnson's "statement of points on appeal does not allege 'specific facts' that would establish a violation of his constitutional rights." The court also rejected Johnson's argument that dismissal of his appeal violated his constitutional right to access the courts, noting that Johnson had "the opportunity to seek review of his disciplinary proceeding" in superior court but simply "did not avail himself of this opportunity." The court noted that Johnson "never explained [in his motion for reconsideration] why he did not oppose" the State's motion to dismiss and that he thereafter "made no attempt to comply with AS 33.30.295(a) and Appellate Rule 204(e)" even after his appeal had been dismissed on the basis of those provisions.

The State had earlier moved for an award of $225 in attorney's fees for one hour of work. Johnson did not oppose the motion, and the court granted it the same day it denied Johnson's motion for reconsideration.

Johnson appeals both the superior court's dismissal of his appeal and its award of attorney's fees to the State.

## III. STANDARDS OF REVIEW

This case requires us to interpret AS 33.30.295. "The interpretation of a statute is a question of law to which we apply our independent judgment, interpreting the statute according to reason, practicality, and common sense, considering the meaning of the statute's language, its legislative history, and its purpose."[2]

"We review a trial court's award of attorney's fees for an abuse of discretion."[3] Awarding attorney's fees is an abuse of discretion if it is "arbitrary, capricious, manifestly unreasonable, or improperly motivated."[4] But "we review de novo whether the [superior] court applied the law correctly in awarding attorney's fees."[5]

---

[2] *Barber v. State, Dep't of Corr.*, 314 P.3d 58, 62 (Alaska 2013) (quoting *Cutler v. Kodiak Island Borough*, 290 P.3d 415, 417 (Alaska 2012)).

[3] *Balough v. Fairbanks N. Star Borough*, 995 P.2d 245, 254 (Alaska 2000).

[4] *Rhodes v. Erion*, 189 P.3d 1051, 1053 (Alaska 2008) (quoting *Kellis v. Crites*, 20 P.3d 1112, 1113 (Alaska 2001)); *see also Gold Dust Mines, Inc. v. Little Squaw Gold Mining Co.*, 299 P.3d 148, 157 (Alaska 2012) ("We will not reverse an [attorney's fees] award unless it is 'manifestly unreasonable.' " (quoting *Welcome v. Jennings*, 780 P.2d 1039, 1043 (Alaska 1989))).

[5] *Lake & Peninsula Borough Assembly v. Oberlatz*, 329 P.3d 214, 221 (Alaska 2014) (quoting *Marron v. Stromstad*, 123 P.3d 992, 998 (Alaska 2005)).

## IV. DISCUSSION

Johnson argues that the superior court erred as a matter of law in its interpretation of Alaska Appellate Rule 602(c)(1)(A)[6] and AS 33.30.295. Because the superior court correctly interpreted the statute as requiring the dismissal of Johnson's appeal, we need not separately decide whether the appeal satisfied the Appellate Rules.[7]

### A. Johnson's Points On Appeal Failed To Satisfy AS 33.30.295(a).

The superior court held that Johnson's statement of points on appeal failed to meet a statutory requirement specific to prisoner litigation. Alaska Statute 33.30.295(a) provides: "A prisoner may obtain judicial review by the superior court of a final disciplinary decision by the department *only if the prisoner alleges specific facts* establishing a violation of the prisoner's fundamental constitutional rights that prejudiced the prisoner's right to a fair adjudication." (Emphasis added.) Johnson argues that his statement of points on appeal — alleging that the State "violated [his] fundamental constitutional rights to due process in the prison disciplinary process" and

---

[6] The superior court cited Appellate Rule 204(e) in its order dismissing the appeal and its order denying reconsideration, apparently accepting the authority suggested by the State in its motion to dismiss. The rule governing statements of points on appeal in appeals to the superior court is Appellate Rule 602(c)(1)(A). The parties both address the correct rule on this appeal.

[7] Johnson does argue that AS 33.30.295(a) is unconstitutional as applied because it effectively amends Appellate Rule 602 despite the legislature's noncompliance with *Leege v. Martin*, 379 P.2d 447, 451 (Alaska 1963), in which we held "that a legislative enactment will not be effective to change court rules of practice and procedure unless the bill specifically states that its purpose is to effect such a change." But the legislation at issue, H.B. 201, did state such a purpose: "An Act . . . amending . . . Alaska Rules of Appellate Procedure 204 . . . [and] 602." Committee Substitute for House Bill (C.S.H.B.) 201, 19th Leg., 1st Sess. (1995). Johnson points us to no other alleged defects.

thereby "prejudiced [his] right to a fair adjudication" — was sufficient to provide notice to the court and the State of the basis of his appeal when viewed in conjunction with the administrative record. He argues that the superior court's interpretation of AS 33.30.295(a) "effectively requires [him] to submit his entire brief on appeal in a document stylized 'Notice of Points on Appeal.' " The State counters that interpreting Johnson's generic statement as satisfying the requirements of the statute would "foster[] the practice of filing 'form' notices of appeal," which would "result[] in meritless appeals because it [would] allow[] the notice of appeal and statement of points on appeal to be filed without first examining the appellate record for legitimate errors." We find the State's argument most consistent with the statute's language and purpose.

"To establish the meaning of a statute, we examine both its text and its purpose."[8] We give statutory language a " 'reasonable or common sense construction, consonant with the objectives of the legislature.' The intent of the legislature must govern and the policies and purposes of the statute should not be defeated."[9] We "presume that the legislature intended every word, sentence, or provision of a statute to have some purpose, force, and effect, and that no words or provisions are superfluous."[10]

The plain language of AS 33.30.295(a) shows that it is intended to address the prisoner's initial filing — the one that initiates the appeal — and not a later-filed

---

[8]    *Marathon Oil Co. v. State, Dep't of Nat. Res.*, 254 P.3d 1078, 1083 (Alaska 2011).

[9]    *Mech. Contractors of Alaska, Inc. v. State, Dep't of Pub. Safety*, 91 P.3d 240, 248 (Alaska 2004) (quoting *Mack v. State*, 900 P.2d 1202, 1205 (Alaska App.1995)).

[10]    *Nelson v. Municipality of Anchorage*, 267 P.3d 636, 642 (Alaska 2011) (quoting *Mech. Contractors of Alaska, Inc.*, 91 P.3d at 248).

appellate brief.[11]  The statute's beginning words signal plainly that it is establishing preconditions to judicial review:  "A prisoner may obtain judicial review . . . *only if . . . .*"[12]  A judge who is reading a prisoner's appellate brief has already granted "judicial review" and is in the course of providing it.  And the remainder of AS 33.30.295(a) is also concerned with the initiation of the appeal; it discusses commencing the appeal by "filing a notice of appeal and other required documents in accordance with AS 09.19,"[13] preparing the record, and transmitting the record.  These steps are laid out sequentially:  first the appeal is commenced, then the record is prepared

---

[11]     Alaska Statute 33.30.295(a) provides in full:

> A prisoner may obtain judicial review by the superior court of a final disciplinary decision by the department only if the prisoner alleges specific facts establishing a violation of the prisoner's fundamental constitutional rights that prejudiced the prisoner's right to a fair adjudication.  An appeal shall be commenced by the prisoner filing a notice of appeal and other required documents in accordance with AS 09.19 and the applicable rules of court governing administrative appeals that do not conflict with AS 09.19.  Unless the appeal is not accepted for filing under AS 09.19.010 or is dismissed under AS 09.19.020, a record of the proceedings shall be prepared by the department, consisting of the original papers and exhibits submitted in the disciplinary process and a cassette tape of the disciplinary hearing.  The record shall be prepared and transmitted in accordance with the applicable rules of court governing administrative appeals.

[12]     AS 33.30.295(a) (emphasis added).

[13]     AS 09.19.010 addresses prisoners' responsibility for filing fees and provides for exemptions based on prisoners' personal finances; AS 09.19.020 requires courts to dismiss prisoner lawsuits if the prisoner is found to have made a material misstatement in seeking the financial exemption.

and transmitted. It would thus be inconsistent with both the subject matter and the chronology of subsection .295(a) if we were to interpret the "specific facts" requirement of the statute's first line as one the prisoner can wait to satisfy until after his appeal has reached the briefing stage.

This reading of the statute is consistent with the legislative purpose. The statute was part of a bill Governor Tony Knowles transmitted to the legislature to "address[] many of the problems arising from prisoner litigation" and "ensure that offenders focus their attention on their rehabilitation and reformation, rather than on endless 'recreational' litigation."[14] The section of the bill that eventually became AS 33.30.295(a) was one of several provisions "designed to reduce the number of frivolous suits filed by prisoners that involve the [S]tate."[15] In support of the bill, the deputy attorney general explained the governor's directive that prisoner litigation, which was consistently on the increase, be targeted for cost-cutting.[16] We conclude that the statute was intended to prevent a bare-bones statement of points on appeal like Johnson's from triggering a briefing schedule, the time and expense required of both parties to generate their appellate briefs, and the judicial investment of the time necessary for review and decision.

---

[14] 1995 House Journal 488-91 (Governor's February 27, 1995 transmittal letter for House Bill (H.B.) 201, 19th Leg., 1st Sess. (1995)).

[15] *Id.* at 489. *See also Barber v. State, Dep't of Corr.*, 314 P.3d 58, 66 (Alaska 2013) ("[T]he [S]tate may have a legitimate interest in reducing frivolous prisoner litigation.").

[16] Statement of Laurie Otto, Deputy Att'y Gen. at 1:19:55-1:25:00 Tape 95-29, Hearing on H.B. 201, Before the House State Affairs Comm., 19th Leg., 1st Sess. (Mar. 18, 1995).

Compliance with AS 33.30.295(a)'s requirement that a prisoner "allege[]" specific facts establishing a violation of the prisoner's fundamental constitutional rights" would not have imposed a particularly heavy burden on Johnson; he explains them tersely in his brief on this appeal, asserting that the prison discipline committee failed "to determine what facts alleged in the report supported the allegations of disciplinary violations" and "failed to explain why the writer of the written report was not called upon to testify at the hearing even though Johnson requested his presence." No mention of either of these grounds for review was made in his vaguely worded statement of points on appeal. He further contends that his alleged "due process violations were ascertainable from the record" and from the decisional documents attached to his notice of appeal. But this argument shifts to the judge the initial burden of identifying appealable issues in the decisions and the record below — a result the legislature sought to avoid when it enacted AS 33.30.295(a).

Finally, we note that the statute and the appellate rules, when properly applied, are unlikely to result in the dismissal of meritorious appeals. The State's motion to dismiss could have been timely opposed, but it was not. Appellate Rule 602(c)(1)(A) specifically allows appellants to supplement their points on appeal on motion and "for cause," but Johnson never sought to supplement or clarify his points on appeal. The superior court's order denying reconsideration implied that the court would have been receptive to an earnest attempt to comply with the "specific facts" requirement of the statute, as we would expect the court to be.[17] But even in his tardy motion for

---

[17] We emphasize that we are not concerned in this case with the superior court's obligations to pro se litigants, as Johnson was represented by counsel. *See Collins v. Arctic Builders*, 957 P.2d 980, 982 (Alaska 1998) ("[W]e conclude that the superior court must inform a pro se litigant of the specific defects in his notice of appeal (continued...)

reconsideration Johnson failed to take the obvious step of informing the superior court of the factual basis for his appeal, instead arguing doggedly that the court was required to view what he had already filed as legally sufficient. In short, although Johnson lost his appeal because his statement of points on appeal was deficient, he had procedural opportunities to correct the deficiency but inexplicably failed to take them.[18]

### B. Johnson Waived Any Objection To The Attorney's Fees Award.

Johnson argues that the superior court erred when it awarded attorney's fees to the State as prevailing party. Though represented by counsel, Johnson filed no opposition to the State's fees motion in the superior court, did not mention the subject in his untimely motion for reconsideration of the dismissal order, and did not ask the

---

[17](...continued)
and give him an opportunity to remedy those defects.").

[18]     Johnson also argues that the superior court was obliged to review his allegations of due process violations, regardless of the requirements of AS 33.30.295(a), because of cases addressing prisoners' rights of access to the courts. He cites *Barber v. State, Department of Corrections* for the proposition that "[i]f fundamental constitutional rights are alleged to be abridged in disciplinary proceedings, it would be the duty of the court to inquire into the allegations." 314 P.3d 58, 64 (Alaska 2013) (alternation in original) (quoting *McGinnis v. Stevens*, 543 P.2d 1221, 1236 n.45 (Alaska 1975)). But Johnson had access to the courts; his appeal was dismissed because of his failure to comply with a reasonable procedural requirement intended to manage how the courts accommodate that access.

court to reconsider the fees award after it was made.  The argument was clearly waived.[19]

## V.    CONCLUSION

We AFFIRM the judgment of the superior court.

**19**    *See Pebble Ltd. P'ship ex rel. Pebble Mines Corp. v. Parnell*, 215 P.3d 1064, 1083 n.88 (Alaska 2009) ("Issues that are not raised in the superior court are waived and cannot be asserted on appeal as grounds for overturning a judgment." (quoting *Still v. Cunningham*, 94 P.3d 1104, 1111 (Alaska 2004))).